UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEJANDRO PEREZ GABAY,

    Plaintiff,

v.

PARK WEST GALLERIES, INC.,
KEATON, INC., d/b/a PARK WEST AT
SEA, PWG FLORIDA, INC., d/b/a FINE
ART SALES, INC., SMART PUBLISHERS
OF FINE ART, INC., d/b/a SMART
PUBLISHING, PLYMOUTH
AUCTIONEERING SERVICES, LTD.,
RAMI ROTKOPF, ALBERT SCAGLIONE,
and ALBERT MOLINA,

    Defendants.
_____/

Case No. 10-12702

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 22, 2010.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Alejandro Perez Gabay ("Plaintiff") filed this action on July 8, 2010, seeking

damages for copyright infringement and an injunction preventing further infringement.

Presently before the Court are motions filed by several defendants to dismiss this action

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Also before the Court

is a Motion for Sanctions under Federal Rule of Civil Procedure 11. The matter has been

fully briefed by the parties, and the Court heard oral argument on November 16, 2010. For the reasons stated below, the Court grants the Motions to Dismiss and denies the Motion for Sanctions.

## I. Factual and Procedural Background

Plaintiff is an artist and native of Chile. Compl. ¶ 1. In 1996, Plaintiff entered into an agreement with Rami Rotkopf, an Israeli art dealer, providing Rotkopf with exclusive rights for the worldwide promotion and sale of Plaintiff's art. *Id.* ¶¶ 4-5. Plaintiff claims that the parties' agreement prohibited assignment of these rights by Rotkopf. *Id.* ¶ 33.

Rotkopf later moved to Fort Lauderdale, Florida, and started a business named Smart Publishers of Fine Art, Inc. ("Smart"). *Id.* ¶ 5. In 1999, Plaintiff and Smart modified and extended the agreement for an additional five years. *Id.* ¶ 7. Plaintiff claims that this agreement also prohibited any assignment of rights by Smart. *Id.* ¶ 33.

Park West Galleries, Inc. ("Park West") is a Michigan corporation engaged in the promotion and sale of artwork. *Id.* ¶ 16. Park West conducts auctions aboard cruise ships through a wholly-owned subsidiary, Keaton, Inc. ("Keaton"). *Id.* ¶¶ 16-18. Park West employs the services of Plymouth Auctioneering Services, Ltd. ("Plymouth") to manage the cruise auctions. *Id.* ¶ 22. Park West also sells artwork in Florida through PWG Florida, Inc. ("PWG Florida"). *Id.* ¶ 19.

In June 2001, Park West contracted with Smart for the exclusive worldwide rights to publish and distribute Plaintiff's art. Park West Mot. Dismiss Ex. 2. at 15-20. Park West claims that Plaintiff subsequently published statements on his internet site defaming Park West and Keaton. Park West Mot. Dismiss 2. Plaintiff allegedly stated that Park West

2

was not authorized to print or sell his works, and that any certificates of authenticity distributed by Park West with those works were improperly issued. *Id.*

**A. Florida Litigation**

On October 1, 2004, Park West[1] filed suit against Plaintiff in the circuit court of Miami-Date County, Florida, asserting claims of defamation, injurious falsehood, unfair trade practices, and tortious interference. In its complaint, Park West asserted that it had contracted with Plaintiff's agent to obtain distribution rights for his work. Park West Mot. Dismiss Ex. 2 at ¶¶ 7-8. The circuit court granted Park West's request for a temporary injunction prohibiting Plaintiff from making any statements concerning Park West or the certificates of authenticity.

On October 10, 2004, Plaintiff filed a document with the Florida court entitled "My Defense." Park West Mot. Dismiss Ex. 4. In this filing, Plaintiff alleged that Park West had repeatedly infringed on his copyrights. *Id.* at 4. The court responded on November 15, 2004, ordering Plaintiff to file a more definite statement. Plaintiff never responded, and claims that he never received this order. Pl.'s Resp. Park West Mot. Dismiss 4. On February 1, 2005, the Florida court entered a default based on Plaintiff's failure to file an answer or other pleadings as required by the court. Plaintiff never responded to the default, and on June 20, 2005, the court entered a final judgment against him. The court granted the permanent injunction sought by Park West, prohibiting Plaintiff from making statements about Park West or the certificates of authenticity.

---

[1] For simplicity, the Court will refer to the Florida litigation plaintiffs collectively as "Park West," although Keaton was also a plaintiff in that action.

Plaintiff subsequently retained an attorney, and on August 9, 2006, moved to set aside the default judgment and vacate the permanent injunction. The Florida court denied his motion in an order dated September 22, 2006, concluding that Plaintiff waived any defective service of process by failing to raise it in his "Defense" filing. In March 2009, after learning that a money judgment against Plaintiff would be uncollectible, Park West voluntarily dismissed its claims for damages. Plaintiff never appealed.

**B. Michigan Litigation**

On July 8, 2010, Plaintiff filed this action in the Eastern District of Michigan, naming as defendants Park West, Smart, Keaton, Plymouth, PWG Florida, and Rotkopf.[2] Plaintiff also named as defendants Park West's alleged co-owners, Albert Scaglione and Albert Molina. Plaintiff's Complaint alleges three counts of copyright infringement and one count of conspiracy to violate copyright laws. He claims that Smart wrongfully assigned the right of exclusive representation to Park West for the period of September 2001 through September 2004. Compl. ¶ 31. Plaintiff alleges that Park West, Keaton, Plymouth, and PWG Florida distributed, sold, or gave away unauthorized reproductions of his artwork, in violation of the Federal Copyright Act. *Id.* ¶ 34. He also alleges that Park West or its agents forged his signature on the unauthorized reproductions. Plaintiff seeks damages, injunctive relief, costs, and attorney's fees. *Id.* ¶ 84.

---

[2] The record does not reflect service of process on Keaton and Plymouth, and these defendants have not filed an answer or appearance. Plaintiff moved to extend the summons, and the Court entered an Order on September 21, 2010, granting ninety days to effect service. That period has run, and Plaintiff has failed to provide proof of service. Accordingly, the Court dismisses the action without prejudice against Keaton and Plymouth. *See* Fed. R. Civ. P. 4(m).

On August 4, 2010, Park West and Scaglione moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They argue that four separate grounds justify dismissal: (1) res judicata; (2) the *Rooker-Feldman* doctrine; (3) expiration of the statute of limitations; and (4) collateral estoppel. Four other defendants have moved to dismiss for the same reasons, explicitly incorporating the arguments of Park West and Scaglione into their own briefs.[3] The Court will therefore address these motions together.

On August 25, 2010, Park West and Scaglione filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. They argue that sanctions are appropriate because Plaintiff's claims are frivolous.

## III. Dismissal Pursuant to Rule 12(b)(1)

**A. Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) seeks to dismiss a complaint for lack of proper subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Proper jurisdiction is a requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered by a court prior to any other challenges. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946). Motions to dismiss for lack of proper subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. *Id.* During a facial attack, the court must treat all material allegations in the complaint as true and construe the allegations in the

---

[3] These Defendants include Molina, Smart, Rotkopf, and PWG Florida.

light most favorable to the non-moving party. *Id.* A factual attack, on the other hand, challenges the factual existence of subject matter jurisdiction. *Id.* "On such a motion, no presumptive of truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

**B. Applicable Law**

Defendants' challenge under the *Rooker-Feldman* doctrine must be addressed first, as it implicates the Court's subject matter jurisdiction. *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine[4] holds that district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005). "[T]he pertinent inquiry . . . is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006)). "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim."[5] *McCormick*, 451 F.3d at 393.

---

[4] The *Rooker-Feldman* doctrine takes it name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

[5] *McCormick* provides an example to clarify this inquiry. Where a parent challenges a state court's termination of child custody rights, the state court judgment is the source of the injury. *McCormick*, 451 F.3d at 394. But where a plaintiff seeks to challenge a state court's ruling that his employer did not discriminate against him, the injury complained of

6

*Rooker-Feldman* does not apply to this case. The injury for which Plaintiff seeks relief is not the judgment of the Florida court, which only required him to cease making statements about Defendants or certificates of authenticity. Plaintiff was not injured by the court's prohibition on making such statements. Rather, Plaintiff seeks relief for Defendants' alleged copyright infringement. Although the Florida court did not remedy his alleged injury, this does not transform the case into a *Rooker-Feldman* appeal of a state court judgment. *See McCormick*, 451 F.3d at 394. Accordingly, Defendants' subject matter jurisdiction challenge fails.

### IV. Dismissal Pursuant to Rule 12(b)(6)

**A. Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.

---

is not the state court judgment, but rather, the employer's discrimination. "The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment." *Id.*

1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). If the district court considers evidence outside the complaint, it must generally treat the motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). In resolving a Rule 12(b)(6) motion, however, courts may consider public records, including judicial proceedings, without converting the motion to one for summary judgment. *Winget v. JP*

*Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). Where there is no reasonable dispute over the authenticity of a court's opinion, other courts may properly take judicial notice of the existence of the opinion, but not the facts it contains. *Id.*

**B. Statute of Limitations**

Defendants argue that Plaintiff's claims are barred by the statute of limitations, and the Court agrees. Plaintiff alleges three counts of copyright infringement. A civil action under the Copyright Act must be brought within three years after the claim accrues. 17 U.S.C. § 507(b). A cause of action accrues when a plaintiff knows of the infringement or is chargeable with such knowledge. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004). "Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period." *Id.* Plaintiff's "Defense" filing in the Florida court, which alleged copyright infringement by Park West, demonstrates that he was aware of infringement relating to his artwork on October 10, 2004. Park West Mot. Dismiss Ex. 4 at 1-2. Because Plaintiff's copyright claims accrued on or before October 10, 2004, the statute of limitations relating to these claims expired on October 10, 2007. Plaintiff did not file this action until July 8, 2010. Plaintiff's Complaint also fails to allege any infringement within the three years preceding the filing of this action. His copyright infringement claims are barred, and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's conspiracy claim is also barred by the statute of limitations. Plaintiff points to *Terlecki v. Stewart*, 278 Mich. App. 644, 653, 754 N.W.2d 899, 906 (Mich. App.

2008), for the proposition that a six-year statute of limitations applies to civil conspiracy claims. *Terlecki* held that a conspiracy claim "takes on the limitations period for the underlying wrong that was the object of the conspiracy." *Id.* The wrongful act, rather than the agreement to commit the wrongful act, commences the running of the limitations period. *Id.* Because Plaintiff alleges a conspiracy to violate copyright laws, the Copyright Act's three-year statute of limitations applies. Plaintiff's Complaint fails to allege any copyright infringement within the three years preceding the filing of this action. Accordingly, the conspiracy claim is barred, and must be dismissed.

**C. Requirements for Applying *Res Judicata***

Federal courts give the same preclusive effect to a state court judgment as the courts of the state rendering the judgment. *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381, 105 S. Ct. 1327, 1332 (1985). Because a Florida judgment is at issue here, the Court looks to Florida law to determine its preclusive effect. Florida courts apply *res judicata* broadly:

> A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003) (quoting *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001)). The doctrine only applies to a final judgment on the merits rendered by a court of competent jurisdiction. *ICC Chem. Corp. v. Freeman*, 640 So. 2d 92, 93 (Fla. Dist. Ct. App. 1994) (per curiam). For *res judicata* to apply, there must be (1) identity of the cause of action, (2) identity of the thing sued for, (3) identity of

10

the parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made. *Id.*

### 1. Final Judgment on the Merits

Florida courts hold that a default judgment is an admission of the allegations contained in the plaintiff's complaint. *Fla. Bar v. Porter*, 684 So. 2d 810, 813 (Fla. 1996) (per curiam). A judgment based upon such an admission is considered a final judgment on the merits. *Hay v. Salisbury*, 109 So. 617, 621 (Fla. 1926); *Elbadramany v. Bryson Crane Rental Servs.*, 630 So. 2d 214, 216 (Fla. Dist. Ct. App. 1993). The default judgment against Plaintiff establishes that Park West contracted for the right to sell Plaintiff's artwork. *See* Park West Mot. Dismiss Ex. 2 at ¶¶ 7-8. Accordingly, the judgment constitutes a final judgment on the merits as to those allegations.

Plaintiff argues that Park West voluntarily dismissed several of its claims in the Florida litigation. He cites case law holding that a voluntary dismissal will not support a defense of *res judicata*. This reliance is misplaced. Park West did not dismiss all of its claims, as the court granted the proposed injunction against Plaintiff. This constitutes a final judgment on the merits, and the decisions cited by Plaintiff are inapplicable.

### 2. Identity of the Cause of Action

To determine whether causes of action are identical, Florida courts look to "the identity of the facts essential to the maintenance of the suits." *Hay*, 109 So. at 455 (quoting *Jackson v. Bullock*, 57 So. 355 (Fla. 1911)). Where the claims asserted in the second suit would have been defenses to the first, the cause of action identity is satisfied. *Id.* at 456. In the Florida suit, Park West alleged that Plaintiff made false statements about

the authenticity of artwork. Plaintiff's claim that Park West never obtained the right to sell his artwork, and thus infringed on his copyrights, would have been a defense to the first action. *See Lipsig v. Ramlawi*, 760 So. 2d 170, 183 (Fla. Dist. Ct. App. 2000) (holding that truth is a defense to defamation). Thus, the cause of action identity is satisfied.

### 3. Identity of the Thing Sued For

The identity of the thing sued for relates to the relief demanded in each forum. *In re Zoernack*, 289 B.R. 220, 228 (Bankr. M.D. Fla. 2003). "The fact that the relief requested in one case is the flip side of the relief granted in the other case . . . does not preclude application of the doctrine of res judicata under Florida law, so long as the cause of action is substantially the same in both actions." *Id.* (citing *City of Anna Maria v. Miller*, 91 So. 2d 333, 335 (Fla. 1956)).

The relief Plaintiff seeks is properly considered the "flip side" of the relief sought in the Florida action. Park West sought damages from Plaintiff because he stated that Park West illegally sold his artwork. In this action, Plaintiff seeks damages for Defendants' allegedly illegal sales of his artwork. Compl. ¶ 34. These are simply the damages that Plaintiff would be entitled to if his statements were true. Because such damages are properly considered the "flip side" of the relief sought in the Florida action, the identity of the thing sued for is satisfied.

### 4. Identity of the Parties

Florida courts broadly interpret the identity of the parties, including those in privity with the actual parties and those who control the actual parties. *Seaboard Coast Line R.R. Co. v. Indus. Contracting Co.*, 260 So. 2d 860, 863 (Fla. Dist. Ct. App. 1972). A party

may also satisfy this identity based on privity of contract or succession to an actual party's rights or property. *Coral Realty Co. v. Peacock Holding Co.*, 138 So. 622, 625 (Fla. 1932). Park West and Keaton were parties to both the Florida suit and this suit. Scaglione and Molina stand in privity with Park West through control, as Plaintiff alleges that each is a co-owner of Park West. Compl. ¶¶ 25, 27. Rotkopf, Smart, Plymouth, and PWG Florida enjoy privity with Park West through their respective contracts for the distribution and sale of Plaintiff's artwork. Thus, for *res judicata* purposes, the parties are identical.

**5. Identity of the Capacity of the Person Against Whom the Claim is Made**

The quality or capacity inquiry precludes application of *res judicata* where a party previously sued or was sued in a different legal capacity. *Shriner v. Dyer*, 462 So. 2d 1122, 1124 (Fla. Dist. Ct. App. 1984). This identity is implicated, for example, where a party to an action is either the representative or fiduciary of another. *Id.* There is no indication that any of the parties are suing or being sued in a capacity different than in the Florida action. Plaintiff asserts that because Scaglione was not a party to the Florida action, this identity cannot be satisfied. This confuses the inquiry with the "same parties" analysis. Scaglione was not a party to the previous action in a different capacity than in the instant action. Therefore, this identity is satisfied.

**D. Application of *Res Judicata***

Plaintiff correctly notes that *res judicata* should not be applied where it will work injustice. *Singleton v. Greymar Assocs.*, 882 So. 2d 1004, 1008 (Fla. 2004) (per curiam). The equities of this case, however, do not preclude use of the doctrine. The Florida court denied Plaintiff's motion to set aside the default judgment on September 22, 2006.

Despite having retained counsel, Plaintiff never appealed this decision. He filed this action nearly four years later, on July 8, 2010. This delay fails to demonstrate the sort of diligence that might preclude the application of *res judicata*.

Defendants have demonstrated that the Florida court rendered a final judgment on the merits, and that the four identities required by Florida courts applying *res judicata* are satisfied. Accordingly, the Court concludes that Plaintiff's action is barred, and must be dismissed.

**E. Collateral Estoppel**

Park West and Scaglione argue that the doctrine of collateral estoppel also bars Plaintiff's claims. "Collateral estoppel . . . is a judicial doctrine which in general terms prevents identical parties from relitigating issues that have previously been decided between them." *Mobil Oil Corp. v. Shevin*, 354 So. 2d 372, 374 (Fla. 1977). Collateral estoppel applies "where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues - that is to say points and questions - common to both causes of action and which were actually adjudicated in the prior litigation." *Gordon v. Gordon*, 59 So. 2d 40, 44 (Fla. 1952). "The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Mobil Oil*, 354 So. 2d at 374.

Plaintiff argues that the parties here are different, as Scaglione was not a party to the Florida litigation. Under Florida law, however, collateral estoppel applies to parties in privity with the parties to an earlier action. *Mortg. Elec. Registration Sys., Inc. v. Badra*,

14

991 So. 2d 1037, 1039 (Fla. Dist. Ct. App. 2008). Park West and Keaton initiated the Florida litigation. Scaglione and Molina stand in privity with Park West through control, as Plaintiff alleges that they are co-owners of Park West. Rotkopf, Smart, Plymouth, and PWG Florida enjoy privity with Park West through their respective contracts regarding the purchase and distribution of Plaintiff's artwork. For collateral estoppel purposes, the parties to the two actions are identical.

Plaintiff argues that the issues litigated here are not identical, because the Florida suit did not mention copyright infringement. The Florida court's default judgment, however, established as true the allegations contained in the complaint. The judgment therefore established that Park West contracted for the right to sell Plaintiff's artwork. *See* Park West Mot. Dismiss Ex. 2 at ¶¶ 7-8. Plaintiff cannot relitigate this issue simply by labeling his claim as one of copyright infringement.

Florida courts applying the doctrine of collateral estoppel consider a matter "fully litigated" even where the prior case is resolved by a default judgment without participation of the opposing party. *In re Itzler*, 247 B.R. 546, 553 (Bankr. S.D. Fla. 2000); *see also Masciarelli v. Maco Supply Corp.*, 224 So. 2d 329, 330 (Fla. 1969). Plaintiff actually participated in the Florida litigation, even if only to a limited extent. Florida courts would give preclusive effect to the resulting default judgment; this Court must do the same.

The Florida court was a court of competent jurisdiction, and rendered a final judgment on the matter. A default judgment constitutes an admission of the complaint's allegations, and is considered a final judgment. *See Porter*, 684 So. 2d at 813; *Hay*, 109 So. at 621. Plaintiff argues that the Florida court lacked jurisdiction to resolve the

15

copyright issues he presents in this action. It is irrelevant whether the court lacked jurisdiction over copyright matters; the default judgment merely determined that Park West contracted for the right to distribute Plaintiff's artwork. Because a court has determined that Park West had that right, Plaintiff's copyright infringement claims fail.

Accordingly, the Court concludes that Florida courts would apply the doctrine of collateral estoppel to bar Plaintiff's claims in this action.

**F. Preemption of Plaintiff's Conspiracy Claim**

Rotkopf and Smart argued at the hearing that Plaintiff's conspiracy claim is preempted by federal copyright law. Michigan courts have held that federal copyright law preempts a state law conspiracy claim. *See Aqua Bay Concepts, Inc. v. Grosse Pointe Bd. of Realtors*, No. 91-74819, 1992 U.S. Dist. LEXIS 16038, 24 U.S.P.Q.2d (E.D. Mich. May 7, 1992). Because federal law preempts the conspiracy claim, it must be dismissed.

**V. Park West and Scaglione's Motion for Sanctions**

Park West and Scaglione filed a Motion for Sanctions on August 25, 2010, arguing that Plaintiff's claims are frivolous. They assert that Plaintiff's attorneys, Donald Payton and Jonathan Schwartz, violated Federal Rule of Civil Procedure 11 by filing the Complaint in this action.

Federal Rule of Civil Procedure 11 provides that by presenting a pleading to the court, an attorney certifies that to the best of his knowledge, information, and belief, that the pleading is not presented for an improper purpose, and that the claims, defenses, or other legal contentions contained in it are warranted by existing law or a nonfrivolous argument for reversing, extending, or modifying existing law. The test is whether an

16

attorney's conduct was reasonable under the circumstances. *Mich. Div. - Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008).

Although the doctrines of *res judicata* and collateral estoppel require dismissal of Plaintiff's action, the Court concludes that this result was not so obvious as to warrant sanctions. Plaintiff's attorneys could have reasonably concluded that the Florida defamation suit did not preclude Plaintiff's copyright infringement suit. While the Court concludes that the statute of limitations bars Plaintiff's claims, Plaintiff's mistaken interpretation of the limitations period for conspiracy claims does not justify sanctions. Park West and Scaglione contend that Payton and Schwartz have engaged in a "campaign against Park West," but it is not clear that this action was frivolous. Not every unsuccessful argument requires sanctions, and the Court does not believe that they are justified here.

## VI. Conclusion

Accordingly,

**IT IS ORDERED** that Park West and Scaglione's Motion to Dismiss is **GRANTED**;

**IT IS FURTHER ORDERED** that Rotkopf and Smart's Motion to Dismiss is **GRANTED**;

**IT IS FURTHER ORDERED** that PWG Florida's Motion to Dismiss is **GRANTED**;

**IT IS FURTHER ORDERED** that Molina's Motion to Dismiss is **GRANTED**;

**IT IS FURTHER ORDERED** that Park West and Scaglione's Motion for Rule 11 Sanctions is **DENIED**.

                                                           sPATRICK J. DUGGAN
                                                           UNITED STATES DISTRICT JUDGE

Copies to:

Donald L. Payton, Esq.
Jason D. Killips, Esq.
Rodger D. Young, Esq.
Benjamin K. Steffans, Esq.
J. Michael Huget, Esq.